UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
_____

ANGIE LEPIERRE,

                                       Plaintiff,

v.                                                                    Civil Action No. _____

LITHIA MOTORS, INC.

                                       Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter referred to as "FCRA") and invasion of privacy. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Angie Lepierre is a natural person residing in the County of Hernando and State of Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5. Defendant Lithia Motors, Inc. (hereinafter "Lithia") is domestic limited liability company existing under the laws of the State of Oregon and is both a "person" and "user" as defined by 15 U.S.C. §1681a(b) of the FCRA.

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

8. Upon information and belief, on or about October 25, 2022, Defendant made an inquiry into Plaintiff's credit report without permission from the Plaintiff.

9. That in or about October 25, 2022, the Plaintiff went to the Defendant's dealership Mazda of Wesley Chapel to inquire about purchasing a 2018 Mazda cx5.

10. That Plaintiff test drove the vehicle and told the Defendant that she has already been approved for financing through Suncoast Credit Union.

11. That Plaintiff told the Defendant multiple times that she did not need financing and to not pull her credit as she did not want any inquires to affect her credit score..

12. That A few days later, Plaintiff received a notification from credit karma that Mazda of Wesley Chapel pulled her credit.

13. That as a result of the unauthorized inquiry, Plaintiff's credit score dropped multiple points and she was denied financing.

14. Plaintiff never authorized the Defendant to review/check/run her credit report.

15. Upon information and belief, Defendant made said inquiry into Plaintiff's credit report despite Plaintiff not authorizing such inquiries.

16. Upon information and belief, prior to October 25, 2022, Defendant had entered into a written subscriber agreement with a credit reporting agency or agencies, in which Defendant agreed to seek "consumer reports" (as said term is defined under the FCRA) for certain lawful purposes described under the FCRA §1681b and set forth in said written agreement.

17. Defendant did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report, and therefore Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of the FCRA.

18. Reasonable procedures for users include restricting the ability of its agents to obtain consumer reports for any impermissible purpose.

19. Pursuant to the lawful purposes listed in 15 U.S.C. § 1681b(a)(1)-(5), Plaintiff denies ever having had a relationship of any kind with Defendant as defined therein.

20. Pursuant to the lawful purposes listed in 15 U.S.C. § 1681b(c)(1)(A), Plaintiff did not knowingly give written instructions authorizing the release of his consumer report to Defendant.

21. Defendant's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer report was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

22. In the alternative, Defendant's request for, acquisition of and use of the Plaintiff's consumer report constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. §§ 1681n and q of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

## V. FIRST CAUSE OF ACTION

23. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

24. Pursuant to 15 U.S.C. 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

25. As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure and (ii) the costs of the action together with reasonable attorneys' fees.

## VI. SECOND CAUSE OF ACTION

26. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

27. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

28. As a result of Defendant's willful failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiffs as a result of the failure or not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of the action together with reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays this Court to enter judgment in her favor and against the Defendant in an amount equal to her actual damages proven by the evidence at trial; for statutory damages under the Fair Credit Reporting Act; for punitive or other exemplary damages in an amount deemed reasonable and appropriate by the Court to deter Defendant from like conduct in the future; for her reasonable attorneys' fees and costs incurred in prosecuting this action; and for any further orders and relief this Court deems just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 29, 2023

                                      Respectfully submitted,

                                    /s/ Justin Jones_____
                                   Justin Jones, Esq.
                                   *Attorney for Plaintiff*
                                   Law Offices of Kenneth Hiller
                                   6000 N. Bailey Ave., Suite 1A
                                   Amherst, New York 14226
                                   716-564-3288
                                   jjones@kennethhiller.com
                                   Florida Bar #1033470